J-S20014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES E. HARMON, | : | |
| | : | |
| Appellant | : | No. 1852 MDA 2017 |

Appeal from the PCRA Order entered October 23, 2017,
in the Court of Common Pleas of Franklin County,
Criminal Division at No(s):  CP-28-MD-0000375-1978.

BEFORE:  GANTMAN, P.J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MAY 31, 2018**

James E. Harmon appeals *pro se* from the order denying as untimely his sixth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and procedural history have been summarized as follows:

> On February 7, 1979, after a [non-jury trial], [Harmon] was found guilty of murder in the second degree and robbery.  On August 29, 1979, the Court imposed the following sentences to be served consecutively:  mandatory life imprisonment for the second degree murder conviction and five (5) to twenty (20) years of incarceration for the robbery conviction.  Over the next thirty years, [Harmon] filed several [PCRA petitions]; none of the [petitions] filed has resulted in relief.  [However, in 1986, a federal district court ruled Harmon's consecutive robbery sentence was null and void.]

PCRA Court Opinion, 1/21/17, at 2-3 (footnote omitted).

On March 17, 2017, Harmon filed the PCRA petition at issue, and the PCRA court appointed counsel. On June 26, 2017, PCRA counsel filed a no-merit letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), and sought to withdraw as counsel. On October 3, 2017, the PCRA court granted counsel's motion to withdraw and issued notice to Harmon of its intention to dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Harmon filed a response. By order entered October 23, 2017, the PCRA court denied Harmon's petition as untimely. This appeal followed. Both Harmon and the PCRA court have complied with Pa.R.A.P. 1925.

Before reaching the issues that Harmon has raised in his appellate brief, we must first determine whether the PCRA court correctly determined that Harmon's serial petition for post-conviction relief was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception

to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); ***see also*** 42 Pa.C.S.A. § 9545(b)(2).  Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal.  ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Because Harmon did not seek further review after our Supreme Court affirmed his judgment of sentence on June 4, 1981, his judgment of sentence became final sixty days thereafter, *i.e.*, at the expiration of the period for

---

[1] The exceptions to the timeliness requirement are:

> (I) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

seeking *certiorari* before the United States Supreme Court. **See** 42 Pa. C.S.A. § 9543; U.S.Sup.Ct.R. 20 (repealed). Harmon's sixth petition, filed over a quarter of a century later, is patently untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Harmon has failed to prove any exception to the PCRA's time bar. Rather, he first argues that the challenge to the legality of his sentence can never be waived. **See** Harmon's Brief at 5. We disagree. It is well settled that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or of the exceptions thereto. **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Harmon's sixth PCRA is clearly untimely.

Likewise, Harmon's multiple claims of prior counsel's ineffectiveness cannot be used to salvage an otherwise untimely PCRA. 42 Pa.C.S.A. § 9545(b)(4); **see also Commonwealth v. Edmiston**, 65 A.3d 339 (Pa. 2013) (explaining that alegations of ineffectiveness of counsel will not overcome the jurisdictional timeliness requirements of the PCRA)

Finally, Harmon's claims involving a "miscarriage of justice" do not render his latest petition timely. **See** Harmon's Brief at 14. Although courts will review a request in a second or subsequent collateral attack on a conviction if there is a strong prime facie showing that a miscarriage of justice

occurred, there is no "miscarriage of justice" exception to the PCRA's time bar. ***Commonwealth v. Burton***, 936 A.2d 521 (Pa. Super. 2007).

In sum, because Harmon has not pled and proven an exception to the PCRA's time bar, the PCRA court correctly determined that it lacked jurisdiction to address the claims raised by Harmon in his PCRA petition. We therefore affirm the PCRA court's order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/31/18